UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DANIEL TILBURY,

    Petitioner,

vs.

S. FRAUENHEIM,

    Respondent.

No. C 15-1266 NJV (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has also applied for leave to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

A jury convicted petitioner of first degree murder for the killing of his ex-wife after he shot her seven times with a .50 caliber pistol. He was sentenced to 50 years to life in prison.

## DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his rights were violated by the trial court's failure to define the term "provocation" in the manslaughter instruction; (2) the trial court erred by refusing to modify the jury instructions on murder and manslaughter as requested by trial counsel; (3) the trial court erred by using a murder instruction which did not instruct that lack of provocation is an element of murder; (4) the trial court committed structural error by refusing in advance to answer questions from the jury; (5) he was deprived of the right to present a defense by the trial court's exclusion of evidence regarding petitioner's concerns about his children's welfare; (6) there was insufficient evidence to establish the malice element; (7) the trial court violated his rights by not permitting trial counsel to conduct voir dire on the jury's predisposition regarding manslaughter; (8) cumulative error of the above claims; (9) ineffective assistance of counsel due to the failure to assert an unconsciousness defense; (10) ineffective assistance of counsel due to the failure to object to the admission of irrelevant and prejudicial evidence; (11) ineffective assistance of counsel due to the failure to object to the prosecutor's misconduct in closing argument; and (12) cumulative error arising from trial counsel's errors. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1.    The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and

respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 2, 2015.

NANDOR J. VADAS
United States Magistrate Judge